GREGG COSTA, Circuit Judge,
concurring in the judgment:
The district court issued a thorough order finding that the Texas voter ID law is discriminatory. We should be extremely reluctant to have an election take place under a law that a district court has found, and that our court may find, is discriminatory. As always, however, we must follow the dictates of the Supreme Court. In two recent decisions, it stayed injunctions issued based on findings that changes in an election law were discriminatory. See North Carolina v. League of Women Voters of N. Carolina, 14A358, — U.S.-, *897 135 S.Ct. 6, — L.Ed.2d-, 2014 WL 5026111 (U.S. Oct. 8, 2014); Husted v. Ohio State Conference of N.A.A.C.P., 14A336, — U.S. -, 135 S.Ct. 42, — L.Ed.2d -, 2014 WL 4809069 (U.S. Sept. 29, 2014). It also lifted the Seventh Circuit’s stay of a district court’s order in place since the spring that enjoined Wisconsin’s voter ID law. See Frank v. Walker, 14A352, — U.S.-, 135 S.Ct. 7, — L.Ed.2d-, 2014 WL 5039671 (U.S. Oct. 9, 2014). I agree with Judge Clement that the only constant principle that can be discerned from the Supreme Court’s recent decisions in this area is that its concern about confusion resulting from court changes to election laws close in time to the election should carry the day in the stay analysis. The injunction in this case issued even closer in time to the upcoming election than did the two out of the Fourth and Sixth Circuits that the Supreme Court recently stayed. On that limited basis, I agree a stay should issue.